UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2014 Grand Jury

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

SCOTT M. BOWMAN,

      Defendant.

No. ED CR 15-

ED CR15-00047 JGB

I N D I C T M E N T

[18 U.S.C. § 654: Conversion of
Property by a Federal Officer or
Employee; 18 U.S.C. § 1512(c)(2):
Obstruction of Justice; 18 U.S.C.
§ 1957: Money Laundering; 18
U.S.C. § 1519: Destruction,
Alteration, or Falsification of
Records; 18 U.S.C. § 1512(b)(3):
Witness Tampering; 18 U.S.C.
§ 981(a)(1)(C), 28 U.S.C.
§ 2461(c), 21 U.S.C. § 853(p):
Criminal Forfeiture]

**[UNDER SEAL]**

The Grand Jury charges:

GENERAL ALLEGATIONS

1.    Beginning in or around March 2005 and continuing through in

or around March 2015, the defendant, Scott M. Bowman, was a Special

Agent of the Federal Bureau of Investigation ("FBI").  As an FBI

Special Agent, the defendant was entrusted with the investigation of

federal criminal offenses, was authorized to carry a firearm, and was

empowered to make arrests and to conduct searches and seizures in furtherance of his duty to enforce federal criminal law.

2.    Beginning in or around 2006, and continuing until in or around October 2014, the defendant was assigned to the Gang Impact Team ("GIT"), a joint federal-state task force based in San Bernardino, California, which is responsible for investigating gang-related criminal offenses in the greater Los Angeles area.  As a member of the GIT task force, the defendant was responsible for the execution of federal and state search warrants in the Central District of California, as well as the seizure, documentation, transportation, and preservation of evidence seized during the execution of federal and state search warrants.

3.    In or around May and June 2014, the defendant, along with other GIT task force officers, participated in the investigation of a significant Los Angeles-area methamphetamine distribution organization.  During the course of this investigation, on or about June 13, 2014, in Azusa, California, a member of GIT obtained United States currency seized from the persons of two individuals believed to be involved in methamphetamine distribution activity. Additionally, on or about June 14, 2014, the defendant and other GIT task force officers participated in the execution of a state search warrant at a hotel room in Azusa, California, which was believed to contain evidence of methamphetamine distribution activity.  During

the course of the search of the hotel room, GIT members seized a briefcase containing a quantity of United States currency.

4.   On or about June 14, 2014, a member of the GIT task force gave the defendant $10,982 in United States currency that was seized from the two individuals on or about June 13, 2014, and recovered from the hotel room on or about June 14, 2014.   The defendant was given custody of the seized currency in his official capacity as a federal law enforcement officer, for the purpose of furthering a federal criminal investigation.   Instead of entering this currency into an FBI evidence storage facility, or submitting the currency for forfeiture to the United States, the defendant misappropriated the currency for his personal use.

5.   On or about June 25, 2014, members of the GIT task force initiated surveillance of an apartment building in Ontario, California, which was believed to be the residence of individuals associated with a methamphetamine distribution organization.   During the course of this surveillance, a member of GIT obtained approximately $4,600 in United States currency from the person of one of the residents of one of the apartments within the building, following a traffic stop of a vehicle in which that resident was traveling.   Later that day, the defendant and other GIT task force officers participated in the execution of a state search warrant at the apartment in question.   This search resulted in the seizure of additional United States currency.

6.   On or about June 25, 2014, a GIT task force officer transferred to the defendant custody of the United States currency obtained as a result of the traffic stop and apartment search on or about June 25, 2014.   The defendant was given custody of the seized currency in his official capacity as a federal law enforcement officer, for the purpose of furthering a federal criminal investigation.   Instead of entering this currency into an FBI evidence storage facility, or submitting the currency for forfeiture to the United States, the defendant misappropriated the currency for his personal use.

7.   On or about August 19, 2014, at the request of federal law enforcement agents in Pittsburgh, Pennsylvania, the defendant and other GIT task force officers participated in the execution of a federal search warrant at a residence on Lakewood Drive in San Bernardino, California, which was believed to be associated with heroin and cocaine distribution activity.   This search resulted in the seizure of a large amount of United States currency.   This seized currency was sealed in evidence bags at the scene and provided to the defendant, in his official capacity as a federal law enforcement officer, for the purpose of furthering a federal criminal investigation.   In or around the evening of August 19, 2014, the defendant and another FBI Special Agent placed the sealed bags containing the seized currency in a safe at the FBI's resident agency in Riverside, California, for overnight storage.

8.   On or about August 20, 2014, the defendant, acting alone, retrieved the sealed bags containing the seized currency from the safe at the FBI's resident agency in Riverside, California.   The defendant opened the sealed bags containing the seized currency, withdrew a substantial amount of the seized currency for his personal use, and repackaged the remaining quantity of currency in new evidence bags.   The defendant then transported the repackaged portion of the seized currency to a facility in Ontario, California, operated by Company A.   The Company A facility performs cash counting services for law enforcement agencies in the Los Angeles area, particularly in cases involving the seizure of large amounts of cash.   The defendant arrived at and departed from the Company A facility by himself.   An employee of Company A counted the repackaged portion of the seized currency and determined that the repackaged portion of the seized currency totaled $366,800.   The defendant signed a receipt reflecting this total count.   An employee of Company A then provided the defendant with a copy of the signed receipt.

9.   The defendant immediately took steps to conceal his actions by falsifying official FBI reports concerning the Lakewood Drive seizure.   On or about August 21, 2014, the defendant drafted and submitted an official report, known as an FBI form FD-302, regarding the execution of the search warrant at the Lakewood Drive residence. In this report, the defendant falsely stated that only $366,800 in cash was seized at the Lakewood Drive residence, although the

defendant knew that the true amount of cash seized was substantially greater.

10. On or about August 26, 2014, the defendant drafted and submitted another FD-302 regarding the transportation to the Company A facility of the currency seized at the Lakewood Drive residence. In this report, the defendant falsely suggested that only $366,800 in cash was seized at the Lakewood Drive residence, although the defendant knew that the true amount of currency seized was substantially greater. The defendant also falsely stated in this report that he was accompanied by Detective A, a San Bernardino Police Department Detective and fellow GIT member, during the transportation of the seized currency to the Company A facility on or about August 20, 2014. Finally, the defendant altered the receipt he received from Company A by forging Detective A's signature on the receipt next to his own signature, and attached to this report an electronic image of the receipt with the forged signature.

11. In or around August and September 2014, the defendant spent much of the currency that he misappropriated for his personal use and enjoyment.

a. On or about the morning of August 20, 2014 — after he retrieved the seized currency from the FBI resident agency but before he arrived at the Company A facility — the defendant traveled to an automobile parts dealership, where he spent approximately $2,353 in cash

toward new rims and a new suede headliner for a personal vehicle.

b. On or about August 21, 2014, the day after the defendant transported a portion of the seized currency to the Company A facility, the defendant purchased a 2013 Toyota Scion FR-S coupe vehicle at a used car dealership for $27,500 in cash.

c. Also on or about August 21, 2014, the defendant opened a new checking account into which he made numerous cash deposits totaling approximately $10,665 over the course of August and September 2014.

d. On or about August 31, 2014, the defendant purchased a 2012 Dodge Challenger coupe vehicle at a used car dealership for $43,850 in cash.

e. In or around late August and early September 2014, the defendant spent approximately $9,612 in cash for new speakers, rims, and tires for the Toyota Scion FR-S and approximately $17,000 in cash for a new sound system, rims, tires, and muffler for the Dodge Challenger.

f. In or around early September 2014, the defendant paid approximately $15,000 in cash for cosmetic surgery for his spouse.

g. On or about September 12 through September 14, 2014, the defendant traveled with his girlfriend to Las Vegas, Nevada, where he paid for accommodations in a suite at a

luxury hotel, casino, and resort using funds from his new checking account. During this trip, the defendant used more than $1,000 in cash to pay for tickets to a boxing event.

h. In or around late September 2014, the defendant gave Detective A $2,000 in cash.

12. In or around late August and September 2014, the defendant fabricated a cover story to conceal the source of the funds that he used to pay for these personal expenditures, claiming to several law enforcement colleagues that he had recently received an approximately $97,000 "advance" on his inheritance from his sick father. In fact, the defendant's father never provided the defendant with a gift of this size or with an "advance" on the defendant's inheritance.

13. In or around October 2014, upon learning that other law enforcement officers were inquiring about the disposition of the currency seized in June 2014, the defendant took steps to conceal his course of conduct.

a. On or about October 21 and 22, 2014, the defendant received inquiries from an FBI supervisor about the currency seized in June 2014. The defendant falsely told the FBI supervisor that the defendant brought the cash seized in June 2014 to the Company A facility on or about August 20, 2014, where Company A employees commingled the cash seized in June 2014 with the cash

seized from the Lakewood Drive residence on or about August 19, 2014.

b. On or about October 22, 2014, the defendant contacted Detective A and asked him to provide false information to anyone who asked, namely that Detective A had been present with the defendant at the Company A facility on or about August 20, 2014.

c. The defendant also sent an email to Detective A on or about October 22, 2014, in which the defendant set forth a false cover story for Detective A to provide to law enforcement officials if Detective A were asked about the defendant's activities with respect to the currency seized in June or August 2014.   In this email, the defendant wrote:

> "You accompanied me to [Company A] . . . on august 20.  I drove the trailblazer[.]  We had sealed money from the SB search warrant off Lakewood.  I had sealed money from some other seizures (2 or 3) kapaks.  I brought it in, you stayed outside.   I had to bring the receipt out for you to sign later.  We left I told you I mighta fucked up cause they put all the money together.  That's all.  In case your [sic] asked."

d. On or about October 27, 2014, the defendant sent another email to Detective A, to which he attached an electronic image of the copy of the Company A receipt bearing Detective A's forged signature, so that Detective A could recognize this signature and falsely claim it as his own if asked.

<u>COUNT ONE</u>

[18 U.S.C. § 654]

14.   The allegations contained in paragraphs 1 through 4 of this Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

15.   On or about June 14, 2014, in the Central District of California, the defendant, SCOTT M. BOWMAN, being an officer and employee of the United States and of any department and agency thereof, embezzled and wrongfully converted to his own use the money and property of another which came into his possession and under his control in the execution of such office and employment, and under color and claim of authority as such officer and employee, namely, United States currency in an amount greater than $1,000 seized in Azusa, California, on or about June 13 and 14, 2014.

All in violation of Title 18, United States Code, Section 654.

COUNT TWO

[18 U.S.C. § 1512(c)(2)]

16.   The allegations contained in paragraphs 1 through 4 of this Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

17.   On or about June 14, 2014, in the Central District of California, the defendant, SCOTT M. BOWMAN, corruptly obstructed, influenced, and impeded an official proceeding - that is, a proceeding before a court of the United States, and a proceeding before a federal grand jury - and attempted to do so, by knowingly tampering with evidence, that is, United States currency seized in Azusa, California, on or about June 13 and 14, 2014.

All in violation of Title 18, United States Code, Section 1512(c)(2).

COUNT THREE

[18 U.S.C. § 654]

18.   The allegations contained in paragraphs 1, 2, 5, and 6 of this Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

19.   On or about June 25, 2014, in the Central District of California, the defendant, SCOTT M. BOWMAN, being an officer and employee of the United States and of any department and agency thereof, embezzled and wrongfully converted to his own use the money and property of another which came into his possession and under his control in the execution of such office and employment, and under color and claim of authority as such officer and employee, namely, United States currency in an amount greater than $1,000 seized in Ontario, California, on or about June 25, 2014.

All in violation of Title 18, United States Code, Section 654.

COUNT FOUR

[18 U.S.C. § 1512(c)(2)]

20.  The allegations contained in paragraphs 1, 2, 5, and 6 of this Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

21.  On or about June 25, 2014, in the Central District of California, the defendant, SCOTT M. BOWMAN, corruptly obstructed, influenced, and impeded an official proceeding - that is, a proceeding before a court of the United States, and a proceeding before a federal grand jury - and attempted to do so, by knowingly tampering with evidence, that is, United States currency seized in Ontario, California, on or about June 25, 2014.

All in violation of Title 18, United States Code, Section 1512(c)(2).

## COUNT FIVE

[18 U.S.C. § 654]

22.   The allegations contained in paragraphs 1, 2, 7, 8, 9, 10, 11, and 12 of this Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

23.   On or about August 20, 2014, in the Central District of California, the defendant, SCOTT M. BOWMAN, being an officer and employee of the United States and of any department and agency thereof, embezzled and wrongfully converted to his own use the money and property of another which came into his possession and under his control in the execution of such office and employment, and under color and claim of authority as such officer and employee, namely, United States currency in an amount greater than $1,000 seized in San Bernardino, California, on or about August 19, 2014.

All in violation of Title 18, United States Code, Section 654.

COUNT SIX

[18 U.S.C. § 1512(c)(2)]

24.   The allegations contained in paragraphs 1, 2, 7, 8, 9, 10, 11, and 12 of this Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

25.   On or about August 20, 2014, in the Central District of California, the defendant, SCOTT M. BOWMAN, corruptly obstructed, influenced, and impeded an official proceeding - that is, a proceeding before a court of the United States, and a proceeding before a federal grand jury - and attempted to do so, by knowingly tampering with evidence, that is, United States currency seized in San Bernardino, California, on or about August 19, 2014.

All in violation of Title 18, United States Code, Section 1512(c)(2).

COUNTS SEVEN THROUGH EIGHT

[18 U.S.C. § 1957]

26.   The allegations contained in paragraphs 1, 2, 7, 8, 9, 10, 11, and 12 of this Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

27.   On or about the following dates, in the Central District of California, the defendant, SCOTT M. BOWMAN, knowing that the funds involved represented the proceeds of some form of unlawful activity, conducted the following monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, namely, conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846.

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| Five | August 21, 2014 | Cash purchase of 2013 Toyota Scion FR-S coupe vehicle for $27,500 |
| Six | August 31, 2014 | Cash purchase of 2012 Dodge Challenger coupe vehicle for $43,850 |

All in violation of Title 18, United States Code, Section 1957.

## COUNT NINE

[18 U.S.C. § 1519]

28.   The allegations contained in paragraphs 1, 2, 7, 8, 9, 10, 11, and 12 of this Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

29.   On or about August 26, 2014, in the Central District of California, the defendant, SCOTT M. BOWMAN, knowingly falsified and made a false entry in a record and document, namely an FBI form FD-302, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, namely the United States Department of Justice, and in relation to and contemplation of any such matter.

All in violation of Title 18, United States Code, Section 1519.

COUNT TEN

[18 U.S.C. § 1512(b)(3)]

30.   The allegations contained in paragraphs 1 through 13 of this Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

31.   On or about October 22, 2014, in the Central District of California, the defendant, SCOTT M. BOWMAN, knowingly corruptly persuaded another person, namely Detective A, and attempted to do so, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a federal offense.

All in violation of Title 18, United States Code, Section 1512(b)(3).

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, 21 U.S.C. § 853(p)]

32. Pursuant to Federal Rule of Criminal Procedure 32.2(a), notice is hereby given that upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1512 and 1957 set forth in Counts Two, Four, Six, Seven, Eight, and Ten of this Indictment, defendant SCOTT M. BOWMAN shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the following:

a. All right, title and interest in any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such violation; and/or

b. A sum of money equal to the total amount of proceeds derived from each such violation.

33. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, Section 2461(c), defendant SCOTT M. BOWMAN, if so convicted, shall forfeit substitute property, up to the total value of the property described in paragraph 32 if, by any act or omission of the defendant, the property described in paragraph 32 or any portion thereof, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e)

/ / /

/ / /

/ / /

/ / /

has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

_____
Foreperson

RAYMOND HULSER
Chief, Public Integrity Section

_____
ROBERT J. HEBERLE
LAUREN BELL
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice